Filed in Open Court
11-19-25
Skyler B. O'Hara
By _____
Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(TOPEKA DOCKET)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELIJAH EUGENE WILSON,<br><br>Defendant. | Case No. 25-40022-TC |

## PLEA AGREEMENT

The United States of America, by and through Gregory G. Hough, Assistant United States Attorney, and the defendant, ELIJAH EUGENE WILSON, personally and by and through his counsel, Melanie S. Morgan, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.      **Defendant's Guilty Plea.**

The defendant agrees forfeiture of all firearms and ammunition seized during the investigation of this matter and to plead guilty to Count 1 of the Indictment. Count 1 of the Indictment charge violations of 18 U.S.C. § 922(o), that is: unlawful possession and transfer of machineguns. Counts 4 and 6 charge violations of 26 U.S.C. §§ 5861(a) and 5871, that is: failure to register as a dealer and manufacturer of machineguns. Count 7 charges a violation of 18 U.S.C. § 933(a)(1), that is: unlawful trafficking in firearms. By entering into this Plea Agreement, the defendant admits to knowingly committing these offenses, and to being guilty of these offenses. The defendant understands that the maximum sentence which may be imposed as to Counts 1, 4 and 6 of the Indictment to which he has agreed to plead guilty is not more than ten (10) years of imprisonment, a fine not to exceed $250,000, not more than three (3) years of supervised release,

Ver. 03-01-24

a $100.00 mandatory special assessment, and forfeiture of all firearms and ammunition seized during the investigation of this matter. The defendant understands that the maximum sentence which may be imposed as to Count 7 of the Indictment to which he has agreed to plead guilty is not more than fifteen (15) years of imprisonment, a fine not to exceed $250,000, not more than three (3) years of supervised release, a $100.00 mandatory special assessment, and forfeiture of all firearms and ammunition seized during the investigation of this matter.

2.      **Factual Basis for the Guilty Plea.**

The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

Beginning in May of 2023, ATF and DEA began an investigation into WILSON and Daequan Rayton. The investigation involved a confidential informant that assisted in making controlled purchases for this investigation. On 2 occasions in September 2023, CI purchased machineguns from Rayton. Based upon subsequent trash pulls, one finding a silencer of poor quality that had been discarded, surveillance and CI information, on February 22, 2024, a lawful search warrant was executed at WILSON's residence which found WILSON in possession of a 3D printer capable of producing firearms, firearms silencers, and machine conversion devices; a plethora of hand tools consistent with firearms and silencer manufacturing; a machinegun; and a silencer. Then, on February 26, 2024, Rayton was lawfully arrested in possession of a machinegun.

Subsequently, DNA analysis determined that WILSON's DNA was present in the interior of the machineguns that CI purchased from Rayton in September 2023. Additionally, a subsequent analysis of WILSON's 3D printer and analysis by a tool and dye expert determined that the machinegun in Rayton's possession on February 26, 2024, was made from WILSON's 3D printer and router.

WILSON's computers and phones are seized pursuant to the search warrant on February 22, 2024. Subsequent analysis located texts wherein WILSON negotiated the sale of machine conversion devices (MCD) and fully automatic firearms in the District of Kansas all the way back to April 23, 2023.

This evidence proves beyond a reasonable doubt that on September 8, 2023, September 26, 2023, February 22, 2024, and February 26, 2024 (Counts 1-3 and 5), the defendant, Elijah Eugene Wilson, knowingly possessed machineguns capable of automatically firing more than one shot, without manual reloading, by a single function of the trigger in the District of Kansas, in violation of 18 U.S.C. § 922(o). Additionally, that on February 26, 2024 (Count 4), the defendant, Elijah Eugene

Wilson, knowingly and unlawfully make firearms capable of automatically firing more than one shot, without manual reloading, by a single function of the trigger, not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(f). Further, that between April 23, 2023, and February 26, 2024, (Count 6) in the District of Kansas, the defendant, Elijah Eugene Wilson, knowingly engaged in the business of manufacturing and dealing in firearms without having paid the special occupational tax required by 26 U.S.C. § 5801 and without having registered as required by 26 U.S.C. § 5802, which is in violation of 26 U.S.C. §§ 5861(a) and 5871. Finally, that between April 23, 2023, and February 26, 2024, (Count 7) in the District of Kansas, the defendant, Elijah Eugene Wilson, did ship, transport, transfer, cause to be transported, or otherwise dispose of one and more firearms to another person, in or otherwise affecting commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony, which is in violation of 18 U.S.C. §§ 933(a)(1) and (b).

3.    **Application of the Sentencing Guidelines.**

The parties request that the Court apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4.    **Relevant Conduct.**

The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense

3

level for the count of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.**

In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a) to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment;

(b) to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if his offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds he qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty; and

(c) to recommend a sentence at the low end of the applicable Guideline range, provided that the defendant does not request a downward departure or a variance.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges

4

arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6.     **Sentence to be Determined by the Court.**

The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7.     **Forfeiture of Assets.**

The defendant agrees to the forfeiture of the following property to the United States:

A.     a privately manufactured firearm "PMF," .223/5.56mm caliber, "AR-15 style" rifle, grey and black in color, bearing no serial number, and fitted with a drop-in automatic sear, capable of automatically firing more than one shot, without manual reloading, by a single function of the trigger;

B.     a privately manufactured firearm "PMF," .223/5.56mm caliber, "AR-15 style" rifle, black in color, bearing no serial number, and fitted with a drop-in automatic sear, capable of automatically firing more than one shot, without manual reloading, by a single function of the trigger and a privately manufactured firearm "PMF," .223/5.56mm caliber, "AR-15 style" pistol, black;

C.     a stainless steel in color, bearing no serial number, and fitted with a drop-in automatic sear, capable of automatically firing more than one shot, without manual reloading, by a single function of the trigger;

5

D. a privately manufactured firearm "PMF," .223/5.56mm caliber, "AR-15 style" pistol, pink and black in color, bearing no serial number, and fitted with a drop-in automatic sear, capable of automatically firing more than one shot, without manual reloading, by a single function of the trigger, not registered to him in the National Firearms Registration and Transfer Record;

E. any accompanying ammunition;

F. a Creality Model K1 3-D Printer, serial number 2AXRHG-K1;

G. a Gateway laptop computer, serial number 2GWNC31514BK2J1K003665; and

H. a Dewalt Premium Compact Router, Model DWP611, serial number DH4F717.

The defendant agrees that this property was involved or used in the commission of Counts 1-7. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses regarding the forfeiture of property and withdraws any administrative claim or petition for remission regarding the property. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

8. **Withdrawal of Plea Not Permitted.**

The defendant understands that if the Court accepts this Plea Agreement but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

9.    **Payment of Special Assessment.**

The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

10.    **Waiver of Appeal and Collateral Attack.**

The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, as well as the length and conditions of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs or varies upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand

7

that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

11.     **F.O.I.A. and Privacy Act Waiver.**

The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

12.     **Full Disclosure by United States.**

The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

13.     **Parties to the Agreement.**

The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

8

14.    **Voluntariness of Guilty Plea.**

The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_____          Date: 11/18/25
Gregory G. Hough, #12860
Assistant United States Attorney

_____          Date: 11-18-25
Stephen Hunting
Assistant United States Attorney
Supervisor

_____          Date: 11-19-25
ELIJAH EUGENE WILSON
Defendant

_____          Date: 11.19.25
Melanie S. Morgan
926 Cherry Street
Kansas City, MO. 64106
mmorgan@morganpilate.com
Counsel for defendant

9